**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIANA T. BROOKS** | **CIVIL ACTION** |
| **VERSUS** | **NO:**  **14-1419** |
| **KELLY NORTH, ET AL.** | **SECTION: "F" (4)** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is Defendant, Uptown Healthcare Center, LLC.'s **Motion to Dismiss (R. Doc. 5),** seeking to dismiss plaintiff, Diana T. Brooks' complaint against it and against Defendant Kelly North pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). *See e.g.,* R. Doc. 5, p. 1.[1] The motion is opposed. *See* R. Doc. 13. This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C).**

**I.**     <u>**Background**</u>

This action was originally instituted in the Civil District Court for the Parish of Orleans, on May 16, 2014, by the plaintiff, Diana T. Brooks ("Brooks"), against Defendants, Uptown Healthcare Center, LLC., ("Uptown") and Kelly North ("North"), alleging that she, an African American, was "purged from [her] employment and replaced . . . by young white nurses." *See* R. Doc. 1, p. 1 & R. Doc. 1-2. Specifically, Brooks alleges that she was discriminated against based on her race, age and

---

[1]Although counsel for Uptown does not represent, or have been enrolled on behalf of Defendant Kelly North, he improperly raises arguments as to North in his motion to dismiss. This is inappropriate and not a proper argument to raise before the Court, as North has not yet made an appearance in this action.

religion, and ultimately terminated by Uptown for allegedly false accusations of patient abuse. *See e.g.,* R. Doc. 8-1. She also alleges that she was ultimately replaced by an individual outsider of her protected class.

On June 18, 2014, the action was removed to this Court on the basis of jurisdiction pursuant to 28 U.S.C. § 1331, as Brooks's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Brooks, a Licensed Practical Nurse, worked at Uptown from January 15, 2013 through January 20, 2014. Brooks alleges that on January 20, 2014, she was terminated by the Director of Nursing of Uptown, ("D.O.N.") North, after being suspended from work pending the investigation of alleged patient abuse of two patients, Mr. Lansing and Mr. Merrill Gadles, which allegedly occurred on January 15-16, 2014. *See* R. Doc 1-2, p. 3, 6.[2]  However, Brooks alleges that the complaints of patient abuse against her are fabricated and are false, and were made in retaliation for the challenges she made to Uptown's new policies and procedures. *See* R. Doc. 1-2, p. 3.

---

[2]Brooks alleges that on January 15, 2014, a report of abuse was filed against her for allegedly intimidating a patient named "Lansing." *See* R. Doc. 1-2, p. 6. However, Brooks alleges that during her January 15, 2014 overnight shift, she performed a routine check up, gave Lansing his medication and performed a check of his blood sugar without incident. *Id.* It was not until four days later that Brooks learned that Lansing allegedly filed a patient intimidation complaint against her to North and Uptown's Human Resources Clerk, Vanessa Johnson ("Johnson"). *Id. See also* R. Doc. 8-1, p. 5, ¶¶ 1-2. Brooks alleges that neither Johnson or North were at work or witnessed the alleged intimidation.

Also during her January 15-16, 2014 overnight shift, Brooks alleges that Merrill Gadles ("Gadles") filed a report of patient intimidation against her. However, Brooks alleges that she did not intimidate Gadles. Brooks alleges that during her visit with Gadles, she noticed that he was covered in wet urine, and the floor was covered in fecal matter. *Id.* at 6, at ¶3. Therefore, Brooks alleges that before she was able to clean the room, she noticed that Gadles' breath was shallow. Thus, she became alarmed that Gadles may be in poor condition because of his non-compliant history as a diabetic patient. *Id.* She carefully attempted to wake him, but she alleges that when she attempted to wake him up, he swung at her, hitting her across the tarsal area, cursing at her and calling her a "bi–h." *Id.* She alleges that when Gadles jumped out of his bed into his wheelchair she felt threatened, and allegedly told Gadles to watch his behavior or she would be forced to contact his doctor and the police. *Id.* Although Brooks alleges that Gadles left the room without confrontation, she nonetheless wrote a note to the doctor about Gadles's non-compliance. *Id.* at 7.  Several days later, Brooks alleges that she learned that a report was filed against her by North and Johnson about this encounter, even though neither were present for these incidents.

Specifically, Brooks alleges that Uptown's policies allegedly placed nurses at risk for negligence of high patient to nurse ratio, created a staff shortage, did not properly separate mentally unstable and infectious patients from the general and geriatric population of patients, created a danger by admitting patients without proper background screening and / or having a male nursing assistant, among other "infractions." *Id. See also* R. Doc. 8-1, p. 7, ¶¶ 4-5.

Brooks alleges that she, like other African American nurses such as Janice Stacker, Kimberly Brooks and "Ms. Kelly," were also retaliated against by North for "actively advocating for their patients," and were targeted by North to be terminated by "any means." *See* R. Doc. 8-1, p. 8, ¶ 7. Brooks alleges that she, like these other African American nurses were forced to resign and were "purged from their employment" by "unlawful, treacherous means" after they successfully trained younger Caucasian nurses, who replaced them upon their discharge. *Id.*

Brooks also alleges that she was discriminated against based on her disabilities, as she allegedly suffers from a herniated disc, arthritis, cardiac problems, and a history of chronic depression. *See* R. Doc. 1-2, p. 4-5. She also alleges that although Uptown knew that she suffered from "qualifying disabilities," it failed to accommodate her or any of the other senior nurses who experienced difficulty with patient loading at night. Instead, she alleges that Uptown officials told her she was required to work according to policy, or that she would be asked to leave regardless of her disabilities. *Id.*

Brooks also alleges that "younger nurses" who worked with her at Uptown demonstrated behaviors that were not compatible to an equal or diverse work environment, as they allegedly "spoke unkind things" about the older nurses. *Id.* Specifically, Brooks alleges that she was called "ghetto, old and retarded" by a younger nurse named "Jones." *Id.* at 5. She also alleges that Jones

allegedly attempted to hit her, but was stopped from striking her by Aaron Hughes, a janitor on duty.

Brooks alleges that work stations at Uptown were "lined with Bibles" and that Christian paraphernalia was attached to nursing stations. *Id.* She also alleges that meetings at Uptown were opened and closed in "Jesus's name." *Id.* She alleges that these practices offended and made her uncomfortable because she is a Lucumi priestess of traditional African American religion. *Id.* at 5.

On February 13, 2014, Brooks filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against by Uptown in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq. See* R. Doc. 8-1, p. 16.

Brooks also filed a claim with the Louisiana Workforce Commission Appeals Tribunal ("LWC Appeals Tribunal"). The LWC originally found that Brooks's discharge was not due to misconduct, as Uptown failed to prove a preponderance that Brooks engaged in misconduct. Therefore, the LWC found that Brooks was not disqualified for benefits when she was discharged from Uptown. *See* R. Doc. 1-2, p. 13. On February 24, 2014, Uptown appealed the LWC's decision, and on March 19, 2014, a telephonic hearing was conducted with North, Johnson, Brooks and an Administrative Law Judge ("ALJ") of the LWC Appeals Tribunal to determine whether Brooks was discharged for misconduct connected with her employment, pursuant to La. Rev. Stat. Ann. § 23:1601. *See* R. Doc. 1-2, p. 13. On March 20, 2014, the ALJ rendered a written opinion, affirming the finding of "no misconduct" of Brooks, on the grounds that Uptown failed to provide first hand evidence or testimony of the alleged wrongdoing of Brooks, as required by La. Rev. Stat. Ann. § 23:1601(2). *Id.* at 14. Therefore, the LWC's decision did not disqualify Brooks from benefits.

Shortly thereafter, on May 27, 2014, Brooks filed the instant action in the Civil District Court for the Parish of Orleans, alleging that she was terminated unlawfully based on retaliation, and discrimination based on race and age. She also alleges that she was falsely accused of patient intimidation and misconduct. The action was removed to this Court on June 18, 2014.

Thus, Brooks seeks declaratory, injunctive and punitive relief from North and Uptown. Specifically, she seeks this Court order Uptown to remove the charges of patient abuse from her employment record, to have the state agencies informed that the charges of patient abuse and intimidation were false, monetary relief for the emotional distress allegedly caused by North's allegations against her, to fill out compliance forms as to the incidents that occurred at Uptown, and for the attorney's fees and costs associated with the filing of the action. *See* R. Doc. 1-2, p. 10.

As to the instant motion, Defendant Uptown filed a **Motion to Dismiss (R. Doc. 5)** Brooks's claims against it pursuant to Fed. R. Civ. P. 12(b)(5), arguing that Brooks failed to perfect service of process on it, and thus her complaint should be dismissed. Uptown also argues that Brooks's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Brooks's allegations fail to state a cognizable claim, because Brooks was terminated for legitimate reasons, and was not targeted based on retaliation or unlawful discrimination. *See* R. Doc. 5, p. 1.[3] The motion is opposed. *See* R. Doc. 13. A reply was also filed. *See* R. Doc. 14.

## II.    Standard of Review

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient

---

[3]Uptown's motion also addresses that North should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the statutes under which Brooks brought this action do not provide for individual liability. *Id.* The Court notes however, that counsel for Uptown is not enrolled on behalf of North, nor has North made an appearance in this action.

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Gallentine*, at 795; citing *Twombly*, 550 U.S. at 555.

Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; accord *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir.2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In other words, to state a cognizable cause of action, the complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

## III.    Analysis

Uptown has sought dismissal of Brooks's claims against it, pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), as well as dismissal of Brooks's claims against North, pursuant to Fed. R. Civ. P. 12(b)(6). The Court shall address dismissal of each party in turn.

### A.    Brooks's Claims Against North

The record reveals that proof of service of process on North has not been placed in the record, nor has North made an appearance. Although counsel for Uptown asserts an argument that

6

North should be dismissed in its underlying motion to dismiss, because counsel for Uptown has not enrolled on North's behalf, this argument is procedurally improper and inappropriate.

However, in Brooks's opposition to Uptown's motion to dismiss, Brooks contends that she has "no opposition to the dismissal of Kelly North" from this action. *See* R. Doc. 13.  Because North has not yet made an appearance, the Court construes Brooks's statement as a voluntary dismissal of defendant North from this action, without prejudice, pursuant to Fed. R. Civ. P. 41(a). *See* Fed. R. Civ. P. 41(a)(1)(A)(i).[4] Thus, it is recommended that Defendant, Kelly North be dismissed without prejudice from this action.

### B.    Brooks's Claims Against Uptown

In its Motion to Dismiss, Uptown argues that Brooks's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), for insufficiency of service of process and for failure to state a claim for relief. However, the Court does not reach the merits of this motion, because on July 15, 2014, Brooks filed a Notice of Dismissal into the record, seeking this Court to voluntarily dismiss Uptown, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(1), without prejudice. *See* R. Doc. 15.

Rule 41(a)(1)(A)(1) provides that a plaintiff may dismiss an action without a Court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(1). Although Brooks's now seeks to dismiss this action pursuant to Rule 41 (a)(1)(A)(1), because Uptown filed a Motion to Dismiss, which for purposes of Rule 41 precludes dismissal, and Uptown did not join in Brooks's dismissal, Rule 41(a)(1)(A)(1) does not apply. *See e.g., Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971).

---

[4]A plaintiff's voluntary dismissal requested before a defendant files either an answer or a motion for summary judgment should be without prejudice under Fed.R.Civ.P. 41(a).

However, Rule 41(a)(1)(A)(2) provides that other than the process described above, an action "may be dismissed at plaintiff's request only by court order, on terms that the court considers proper." *Id.* at 41(a)(1)(A)(2). Even then, however, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 413 (S.D. Tex. 2011); citing *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir.2002).

Because Brooks seeks to dismiss Uptown from this action after it already filed a motion which for purposes of Rule 41(a)(1), would preclude dismissal and because no "plain legal prejudice" to Uptown has been shown by the dismissal of this action, the Court finds that pursuant to Fed. R. Civ. P. 41(a)(1)(A)(2), Uptown should be dismissed. Thus, it is recommended that Defendant, Uptown Healthcare Center, LLC., be dismissed without prejudice.

**IV.      Recommendation**

**IT IS RECOMMENDED** that Defendants North and Uptown be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(1) and 41(a)(1)(A)(2), respectfully.

**IT IS FURTHER RECOMMENDED** that Defendant's **Motion to Dismiss (R. Doc. 5)** be **DENIED AS MOOT**.

New Orleans, Louisiana, this 29th day of July 2014.

_____
        **KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**